PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHERWOOD L. HILL,
              *Petitioner-Appellant,*

v.

D. A. BRAXTON, Buckingham
Correctional Center,
              *Respondent-Appellee.*

No. 00-7408

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-1481)

Argued: September 24, 2001

Decided: January 14, 2002

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Vacated and remanded by published opinion. Judge Traxler wrote the
opinion, in which Judge Michael and Judge Gregory joined.

## COUNSEL

**ARGUED:** Justin Sanjeeve Antonipillai, ARNOLD & PORTER,
Washington, D.C., for Appellant. Eugene Paul Murphy, Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL, Rich-
mond, Virginia, for Appellee. **ON BRIEF:** Joel M. Gulick, ARNOLD
& PORTER, Washington, D.C., for Appellant. Mark L. Earley, Attor-
ney General of Virginia, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellee.

**OPINION**

TRAXLER, Circuit Judge:

Sherwood L. Hill appeals the district court's dismissal of his *pro se* petition for relief under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) for failure to comply with the one-year limitation period for bringing such an action. *See* 28 U.S.C.A. § 2244(d) (West Supp. 2001). The district court determined *sua sponte* that Hill's *pro se* petition was untimely and dismissed the action without affording Hill notice or an opportunity to be heard. Hill contends that he was entitled to respond and, had he been permitted to do so, he could have demonstrated that either a statutory exception or equitable tolling principles protected his § 2254 petition from dismissal under the limitation period. We vacate the decision of the district court and remand for further proceedings.

I.

Hill, a Virginia inmate, is serving a 24-year sentence on 1997 convictions for rape and malicious wounding. On June 19, 1998, the Virginia Court of Appeals affirmed Hill's convictions. Hill apparently sought no further direct review of his case. He later petitioned the Supreme Court of Virginia for habeas corpus relief, but the court denied his petition on April 28, 1999.[1]

In June 2000, Hill filed a *pro se* application for relief under § 2254.[2]

---

[1]We have drawn the facts about Hill's state convictions, the length of his sentence, the date on which his appeal was affirmed, and the date on which his habeas petition was denied from Hill's *pro se* § 2254 petition. The record on appeal does not contain any of the documents from Hill's state proceedings; however, the Commonwealth does not dispute the facts or dates as recounted by Hill.

[2]The petition was hand-dated June 22, 2000. However, the document also bears two stamped dates which suggest that the petition was received by the clerk's office on August 25 or August 30. For analytical purposes in this appeal, the date is not critical. It may become so on remand, however, and we leave it to the district court to determine the date on which the petition was actually filed for purposes of § 2244(d).

He raised a number of claims, including an assertion that his confession was involuntary, that his counsel rendered ineffective assistance, that there was insufficient evidence to support his conviction, and that his sentence was excessive. As a *pro se* petitioner, Hill was required to use a standard government form to apply for relief under § 2254. *See* Local Rule 83.4, E.D.Va. Hill responded to all of the questions on the form; he was not asked to supply information about the timeliness of his application.

The district court, acting *sua sponte*, concluded from the face of Hill's petition that his § 2254 claims were barred by the one-year limitations period imposed by § 2244(d) and the court dismissed the action. The district court concluded that this one-year period began to run at the latest on April 28, 1999, the date on which the Virginia Supreme Court denied Hill's petition for collateral review. Thus, Hill's § 2254 petition, if filed no earlier than June 22, 2000, was untimely. Hill was not afforded an opportunity to demonstrate the timeliness of his § 2254 petition before it was dismissed.

Hill promptly filed with the district court what he styled as a notice of appeal. It gave notice of Hill's intent to appeal, but it also contained cursory factual allegations to support Hill's view that his petition was timely or that he was entitled to relief from the limitations bar.

On appeal, Hill contends that the district court should have afforded him a pre-dismissal opportunity to explain why his § 2254 application was not barred by the one-year limitations provision. For the reasons set forth below, we agree that Hill should have been afforded an opportunity to respond prior to the dismissal of his petition, but we limit our holding to the narrow circumstances of this case.

## II.

### A.

Congress has circumscribed the amount of time a state prisoner has to seek relief under § 2254 from a state conviction: "A 1-year period

of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.A. § 2244(d)(1). This one-year limitation period for a habeas claim begins running from the latest of four dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1). Therefore, the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, *see* 28 U.S.C.A. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. *See* 28 U.S.C.A. § 2244(d)(1)(B)-(D). If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so — 90 days — has elapsed. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). The running of the one-year limitation period, however, is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). Moreover, the one-year limitation period is also subject to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." *See Harris*, 209 F.3d at 330.

According to his *pro se* petition, Hill did not file a petition for a writ of certiorari following the decision of the Virginia Court of Appeals, affirming his conviction on June 19, 1998. Hill did not include any information about the timeliness of his § 2254 claim on the form, which did not ask for any such information, nor did anything on the face of Hill's § 2254 petition suggest that he was impeded from filing within the one-year limitation period. Thus, the district court concluded the one-year period started running on September 21, 1998 when the time expired for seeking a writ of certiorari from the United States Supreme Court.

It is not apparent from Hill's § 2254 petition when he filed his state habeas corpus petition, which would toll the running of the limitation period under § 2244(d)(2). We are told only that the Virginia Supreme Court denied the petition on April 28, 1999. The district court concluded that even if Hill had filed his state habeas petition immediately after the conclusion of direct review, thereby tolling the limitation period until that petition was denied on April 28, 1999, Hill's § 2254 petition was still untimely because he filed it no earlier than June 2000, more than one year after his state habeas proceedings were concluded.

## B.

Because the one-year statute of limitations is not jurisdictional, a federal habeas court is not duty-bound to consider the timeliness of a § 2254 petition. *See Harris*, 209 F.3d at 328-29. The statute of limitations question is more in the nature of an affirmative defense that "constitut[es] an avoidance" of the petitioner's allegations apart from the merits of the petition. Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . [the] statute of limitations, . . . and any other matter constituting an avoidance or affirmative defense."); *cf. Todd v. Baskerville*, 712 F.2d 70, 73-74 (4th Cir. 1983) (considering the applicable statute of limitations to be an affirmative defense in actions brought *in forma pauperis* under 28 U.S.C.A. § 1915). We conclude that the one-year limitation period contained in § 2244(d) is an affirmative defense that the state bears the burden of asserting. *See Acosta v. Artuz*, 221 F.3d 117, 121-22 (2nd Cir. 2000); *Kiser v. Johnson*, 163 F.3d 326, 328 & n.4 (5th Cir. 1999).

Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case. We have approved *sua sponte* consideration of affirmative defenses by a federal habeas court, although not specifically a statute of limitations defense under § 2244(d). *See Yeatts v. Angelone*, 166 F.3d 255, 261-62 (4th Cir. 1999). Actions brought pursuant to § 2254 implicate considerations of comity, federalism, and judicial efficiency to a degree not present in ordinary civil actions. These interests eclipse the immediate concerns of the parties and provide federal habeas courts the discretionary authority to raise affirmative defenses that have not been preserved by the state. *See id.* at 261 (explaining the propriety of considering procedural default defense that the Commonwealth failed to raise because of the "overriding interests of comity and judicial efficiency that transcend the interests of the parties"). The district court's *sua sponte* consideration of a defense not raised by the state is consistent with Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 reflects the policy considerations of federalism and judicial efficiency and "differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses." *Kiser*, 163 F.3d at 328. Rule 4 instructs that

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise, the judge shall order the respondent to file an answer or other pleading . . . .

Rule 4, 28 U.S.C.A. foll. § 2254. The text of the rule not only permits a district court to dismiss *sua sponte* an action in which "it plainly appears . . . that the petitioner is not entitled to relief," *id.*, but directs it to do so, even in the absence of a responsive pleading from the state. That is not to say that the district court is required to raise all potential affirmative defenses as if they were jurisdictional requirements. Rule 4 addresses § 2254 petitions that are meritless on their face, but the applicability of an affirmative defense is often not apparent from the face of the petition because the respondent, not the petitioner, bears the burden of pleading it. Our point is simply that when a federal habeas court, in its discretion, raises an affirmative defense

before the state has even entered a responsive pleading, as the district court did here, it acts consistently with Rule 4.

We agree with our sister circuits that have determined a district court has the power to raise the limitations defense of § 2244(d) *sua sponte*.[3] *See Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001); *Acosta*, 221 F.3d at 122-24; *Kiser*, 163 F.3d at 328-29. The one-year limitations period implicates values beyond the interests of the parties and, in particular, "promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." *Acosta*, 221 F.3d at 123. Accordingly, we conclude that it is appropriate for a federal habeas court to raise and consider the limitations period under § 2244(d) even before the state has filed a responsive pleading or otherwise attempted to assert the limitations bar.

## C.

On the other hand, the district court's discretion to raise an affirmative defense to a § 2254 petition *sua sponte* and then dismiss the petition based on that affirmative defense is not completely unfettered. The court's "exercise of . . . discretion should not be automatic, but must in every case be informed by those factors relevant to balancing the federal interests in comity and judicial economy against the petitioner's substantial interest in justice." *Yeatts*, 166 F.3d at 262 (inter-

---

[3]Although this circuit has not addressed the authority of a district court to raise a statute of limitations defense *sua sponte* in the § 2254 context, we have done so in analogous circumstances involving actions filed *in forma pauperis*. *See* 28 U.S.C.A. § 1915 (West Supp. 2001). Section 1915, similar to Rule 4, directs the district court to "dismiss the case at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C.A. § 1915(e)(2)(B). Examining a prior but similar version of this section, *see* 28 U.S.C.A. § 1915(d) (West 1994), we concluded that when it is clear from the face of a complaint filed pursuant to § 1915 that the action is time-barred, then the district court has the authority to dismiss the action *sua sponte*. *See Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

nal quotation marks omitted). An important consideration for a federal habeas court is whether "justice requires that the habeas petitioner be afforded with notice and a reasonable opportunity" to be heard. *Id.* (internal quotation marks omitted).

In a case like this one, the district court should afford an opportunity for the habeas petitioner to respond before the case is dismissed. First, it is improbable under circumstances such as these that it would ever be clear from the face of the petition that "the petitioner is not entitled to relief in the district court" as a result of the one-year limitations period. Rule 4, 28 U.S.C.A. foll. § 2254. Because the statute of limitations is an affirmative defense, a habeas petitioner is not likely to plead detailed facts to refute this defense in the initial § 2254 petition. Although a district court will usually be able to determine when a § 2254 petition is potentially untimely, § 2244(d)(1) lists various (albeit narrow) circumstances under which a petition may be timely even though, at first glance, the petition appears to be barred by the limitations period. For example, the commencement of the limitations period is delayed if a state, in violation of the Constitution or a federal statute, impedes a would-be habeas applicant from filing his action under § 2254. *See* 28 U.S.C.A. § 2244(d)(1)(B). Any facts relating to such a claim are unlikely to be part of the record. The same can be said of facts that would justify the application of equitable tolling. Thus, when a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

Second, notice and an opportunity to respond are particularly appropriate when the prisoner is *pro se*, like Hill, and the long-standing practice is to construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A seasoned habeas practitioner might try to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely. A *pro se* prisoner, however, is generally less able to anticipate affirmative defenses. This problem was made worse in Hill's case because, as a *pro se* § 2254 petitioner, Hill was required to use a standard government form that did not direct him to address the timeliness issue or

ask him to include facts that might be outside of the record but relevant to timeliness under § 2244(d). *See Acosta*, 221 F.3d at 125 ("[T]he problem of unlearned and unskilled *pro se* petitioners inadequately addressing the statute of limitation in the petition is compounded . . . by the fact that the [standard forms] given to these prisoners are not designed to elicit any information concerning these factors.").

Considering these circumstances as a whole, we believe justice requires the district court to give the *pro se* § 2254 petitioner prior notice and an opportunity to respond. We hold that when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).[4] Our holding comports with the decisions of the other circuit courts of appeal that have considered this issue. *See Herbst*, 260 F.3d 1043-44; *Acosta*, 221 F.3d at 125-26.

The Commonwealth suggests that to require a district court to afford a *pro se* petitioner an opportunity to explain why an apparently untimely § 2254 application is subject to some exception is to impose too harsh a duty, and that the petitioner should essentially anticipate the timeliness problem. The Commonwealth further suggests that, in any event, a post-judgment motion under Rule 59(e) of the Federal Rules of Civil Procedure affords a § 2254 petitioner sufficient opportunity to respond to the district court's perception that a petition is untimely. For reasons already discussed, we decline to require a *pro*

---

[4]Our holding is not inconsistent with our decision in *Nasim*, in which we determined from the detailed factual allegations in the complaint that it was clear from the face of a prisoner's *in forma pauperis* complaint that the statute of limitations barred the claim. *See* 64 F.3d at 956. Hill's standard form § 2254 petition, which asks for no information relating to the statute of limitations, is not similarly clear on its face. Additionally, in *Nasim* we did not squarely address the issue of whether pre-dismissal notice was required, nor was tolling an issue.

*se* petitioner to anticipate affirmative defenses in the § 2254 petition, particularly when the petitioner is merely following a standard form that elicits no information on the subject. We also do not believe we are imposing an onerous duty on the district courts. A particularly detailed notice is not necessary nor is a hearing necessarily required. Rather, a district court should furnish notice that simply warns the *pro se* petitioner that his § 2254 action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period. We do not perceive such a requirement to impose any more of a burden than our well-established rule that district courts must advise *pro se* prisoners that the failure to file responsive material when a defendant moves for summary judgment exposes them to the possible entry of summary judgment in favor of the defendant. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam).

We also disagree that Rule 59(e) affords a *pro se* petitioner such as Hill an adequate opportunity to respond. Rule 59(e) permits a party to file a motion to alter or amend a judgment "no later than 10 days after entry of the judgment." A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). Moreover, Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered, *see Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), which, if we adopted the Commonwealth's view that the *pro se* petitioner bears the burden of anticipating exceptions to the statute of limitations, would prevent the petitioner from raising a tolling argument for the first time under Rule 59(e). And, even if a *pro se* petitioner is not required to anticipate the statute of limitations issue, we still believe that Rule 59(e) is not an adequate avenue for the petitioner to pursue a tolling argument because it affords a narrower basis for relief than is available prior to entry of a judgment. Thus, the better course is for the district court to provide a chance to respond before judgment is entered against the petitioner, not afterwards. *See Herbst*, 260 F.3d at 1043-44 (holding that Rule 59(e) is not sufficient to permit a *pro se* petitioner to

respond to the *sua sponte* dismissal of a § 2254 petition for untimeliness).

### D.

Finally, the Commonwealth argues that Hill failed to allege, and that the record does not contain, sufficient facts to support the application of equitable tolling principles or a finding that one of the special circumstances listed in § 2244(d)(1)(B) applies. The only facts alleged by Hill or contained in the summary record are set forth in Hill's three-sentence Notice of Appeal. We are not in a position to say, based on the insufficient record before us, that Hill cannot, as a matter of law, allege any facts that would entitle him to relief from the effect of the one-year limitations period. The district court is better suited to develop the record in this regard in the first instance.

### III.

For the forgoing reasons, we vacate the decision of the district court and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*