**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WILLIAM HARRISON,
         *Petitioner-Appellant,*

v.                                                No. 01-7912

RONALD JONES, Superintendent,
         *Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, Chief District Judge.
(CA-99-109-5-2-MU)

Submitted: February 26, 2002

Decided: March 19, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

William Harrison, Appellant Pro Se. Diane Appleton Reeves,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Harrison, a North Carolina prisoner, filed this 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) petition challenging his 1994 convictions for kidnaping and rape. The defendant answered and filed a motion for summary judgment, arguing that most of Harrison's claims were procedurally barred and that none of them had merit. The district court dismissed the petition because it was not filed within the one-year limitations period of 28 U.S.C.A. § 2244(d)(1) (West 1994 & Supp. 2001). Harrison appeals. We vacate and remand.

In *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), we recently held:

> that when a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).

*Id.* at 706. Here, *Hill* is fully applicable. The defendant's answer and motion for summary judgment were not based on expiration of the limitations period. Hill takes issue with the court's conclusion that the habeas petition was untimely. And it is not "indisputably clear" from the materials in the record that the petition is untimely and unsalvageable.

We therefore grant the motion for certificate of appealability, vacate the decision of the district court, and remand for proceedings consistent with our holding in *Hill*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The motion for appointment of counsel is denied.

*VACATED AND REMANDED*