UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-7620

GARY RAY WEBB,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-94-122-F, CA-01-489-5-F)

Submitted: March 15, 2002

Decided: April 8, 2002

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Milton Gordon Widenhouse, Jr., RUDOLF, MAHER, WIDEN-
HOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Jane
J. Jackson, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Gary Webb appeals from a district court order that concluded his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001) was barred due to his failure to seek leave from this court to file a second or successive motion under 28 U.S.C.A. § 2244(a) (West Supp. 2001). However, the Supreme Court has held that a § 2255 motion will not be considered successive if the prior motion was dismissed for technical or procedural reasons. *Slack v. McDaniel*, 529 U.S. 473, 484-86 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).

In 1998, attorneys representing Webb filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C.A. § 2255.* The district court dismissed this motion due to counsel's failure to comply with local rules. Because this prior motion was not dismissed on the merits, Webb's instant motion cannot be considered successive and he did not need to seek leave from this court prior to its filing.

For this reason, we grant a certificate of appealability, vacate the district court's order, and, without indicating any view as to any other procedural or substantive issue presented by Webb's motion, remand the matter for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*Although Webb was convicted in 1996, and the present petition was filed in 2001, he argues that his § 2255 motion is timely due to an alleged impediment to filing. *See* 28 U.S.C.A. § 2255. The district court did not address this issue when it summarily denied Webb's § 2255 motion as successive. We express no opinion as to the timeliness of the motion. *Cf. Hill v. Braxton*, 277 F.2d 701, 707 (4th Cir. 2002).