# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                                      No. 01-7184

WILLIAM DAVID BROUWER,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-362-CCB, CA-01-1854-CCB)

Submitted: May 2, 2002

Decided: May 20, 2002

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

**COUNSEL**

William David Brouwer, Appellant Pro Se. Susan Leslie Strawn,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William D. Brouwer seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). For the reasons set forth below, we vacate and remand for further proceedings.*

The district court, acting sua sponte, determined from the face of Brouwer's motion that his claims were barred by the one-year limitations period set forth in § 2255 and dismissed the action without giving Brouwer notice or an opportunity to respond. Our recent decision in *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), requires the district court to provide such a warning "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." *Id.* at 707.

Because it was not "indisputably clear from the materials presented to the district court" that Brouwer could not salvage his motion, we grant a certificate of appealability, vacate the district court's order, and remand to the district court to provide Brouwer with the notice and opportunity to respond to which he is now entitled pursuant to *Hill*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED*

---

*We note the district court erroneously included drug possession and distribution in its summary of Brouwer's convictions. While Brouwer raises this as an issue on appeal, it is apparent that this error did not influence the district court's reasoning, and we do not remand on this basis.