UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ELTON GUY BELL, SR.,
     *Petitioner-Appellant,*

v.                                                    No. 02-6327

ROBERT SMITH, Superintendent,
     *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-01-821-5-BR)

Submitted: May 16, 2002

Decided: July 1, 2002

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Elton Guy Bell, Sr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Elton Guy Bell, Senior seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001). For the reasons set forth below, we vacate and remand for further proceedings. The district court, acting sua sponte, determined from the face of Bell's petition that his claims were barred by the one-year limitations period set forth in 28 U.S.C.A. § 2244(d) (West Supp. 2001), and dismissed the action without giving Bell notice or an opportunity to respond.* At the time it issued its decision, the district court did not have the benefit of our recent opinion in *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). *Hill v. Braxton* now requires the district court to provide such a warning "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." *Id.* at 707.

Because it is not "indisputably clear" that Bell cannot salvage his petition, we grant a certificate of appealability, vacate the district court's order, and remand to the district court to provide Hawkins with the notice and opportunity to respond to which he is now entitled pursuant to *Hill*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*Bell correctly observes that the district court's calculation of the tolling period did not account for this Court's holdings in *Spencer v. Sutton*, 239 F.3d 626, 629 (4th Cir. 2001), and *Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000). Thus, on remand, the district court should allow Bell the benefit of tolling during the entire pendency of his state collateral proceedings.