**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 01-7448**

———————————

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

        versus


CLINTON STANLEY MATTHEWS, a/k/a Ian Bernard
Matthew, a/k/a Craig Jerrod Ingram, a/k/a
Bernard Jones, a/k/a William Christopher
Hinton, a/k/a Clinton Mallhew, a/k/a Stanley
Matthews, a/k/a Eastwood, a/k/a Wood,

                                      Defendant - Appellant.


———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry C. Morgan, Jr., District
Judge.  (CR-93-66-A, CA-01-460-2)

———————————

Submitted:  July 25, 2002          Decided:  July 31, 2002

———————————

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Clinton Stanley Matthews, Appellant Pro Se.  Carol M. Marx, Special
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Clinton S. Matthews seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2002). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.* <u>United States v. Matthews</u>, Nos. CR-93-66-A; CA-01-460-2 (E.D. Va. July 17, 2001). We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

_____

* Additionally, we find that the district court's sua sponte dismissal of Matthews' motion does not implicate <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002), as Matthews failed to offer a valid basis that would justify either reliance on a later starting point in 28 U.S.C.A. § 2244(d)(1) (West Supp. 2002), or equitable tolling, thereby salvaging his otherwise untimely petition.