# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ELLIE ROBINSON,
             *Petitioner-Appellant,*

v.                                                    No. 02-6105

RONALD J. ANGELONE,
             *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-01-1865-AM)

Submitted: July 25, 2002

Decided: September 25, 2002

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Ellie Robinson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ellie Robinson appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (2000). For the reasons set forth below, we vacate and remand for further proceedings.

The district court, acting sua sponte, determined from the face of Robinson's petition that his claims were barred by the one-year limitations period set forth in 28 U.S.C.A. § 2244(d) (West Supp. 2001), and dismissed the action without giving Robinson notice or an opportunity to respond. The district court did not have the benefit of our recent decision in *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). After *Hill*, the district court is required to provide such a warning "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)."

Robinson's conviction became final on or about February 14, 1999, and the present petition was filed on November 21, 2001. *See Houston v. Lack*, 487 U.S. 266 (1988). Robinson filed a state postconviction petition, which was dismissed in October 2001. However, the record does not reveal when that petition was filed. Moreover, Robinson filed a petition in the Virginia Supreme Court, but the record does not suggest when that petition was filed or decided. Additionally, Robinson asserts equitable tolling should apply to this proceeding. Based on this record, we cannot determine whether the state proceedings tolled the filing time for the present petition so as to render it timely.

Because it is not indisputably clear that Robinson's petition is untimely or that Robinson cannot salvage his petition through equitable tolling, we grant Robinson's motion to proceed in forma pauperis on appeal, grant a certificate of appealability, vacate the district court's order, and remand to the district court to provide Robinson with the notice and opportunity to respond to which he is now entitled pursuant to *Hill*. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*