**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1469

JOSEPH WOJCICKI,

             Plaintiff - Appellant,

        v.

AIKEN TECHNICAL COLLEGE; SUSAN A. WINSOR, ex Graham ATC
president; WILLIAM TILT, Associate Vice President of
Technical Education; THOMAS DESROCHER, Program Coordinator;
LEE POWELL, Human Resources Director,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.   Henry F. Floyd, District Judge.
(1:06-cv-00461-HFF-BM)

Argued: December 4, 2009         Decided: January 11, 2010

Before TRAXLER, Chief Judge, and AGEE and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Carte Patrick Goodwin, GOODWIN & GOODWIN, LLP,
Charleston, West Virginia, for Appellant.  Charles J. Boykin,
BOYKIN & DAVIS, LLC, Columbia, South Carolina, for Appellees.
**ON BRIEF:** Shunna T. Vance, BOYKIN & DAVIS, LLC, Columbia, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Wojcicki brought this action against Aiken Technical College and its employees, alleging discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e - 2000e-17 (West 2003 & Supp. 2009), the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 - 12117 (West 2005 & Supp. 2009), and the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621 - 634 (West 2008 & Supp. 2009). The district court dismissed the action with prejudice, adopting the report and recommendation of the magistrate judge finding that Wojcicki had failed to exhaust his administrative remedies prior to filing the lawsuit. In doing so, the district court refused to consider evidence of exhaustion presented for the first time in Wojcicki's objections to the magistrate judge's report and recommendation as untimely, and held that the issue was waived.[1] For the following reasons, we vacate and remand for further proceedings.

I.

In 2002, Wojcicki filed a discrimination lawsuit against Aiken Technical College and several individual defendants,

---

[1] The district court also dismissed with prejudice a state law claim raised by plaintiff under the South Carolina Workers' Compensation Act. The disposition of this claim, to the extent it was ever asserted, has not been challenged on appeal.

alleging discrimination under various federal statutes. The lawsuit was settled in 2003. In February 2006, however, Wojcicki filed a second pro se lawsuit against Aiken Technical College and several of its employees alleging similar discrimination claims. The defendants asserted that the claims had been litigated in the prior lawsuit and were thus barred by the doctrine of res judicata. The district court agreed in part, dismissing any claims that preceded the disposition of the prior lawsuit but denying the motion as to any claims that postdated it. The district court also ordered Wojcicki to file an amended complaint setting out the exact claims he was asserting, the jurisdictional bases for those claims, the factual bases for those claims, and the relief sought.

After Wojcicki filed his amended complaint, the defendants again moved to dismiss, claiming, inter alia, that Wojcicki had failed to exhaust his administrative remedies before filing his action. Specifically, they argued that Wojcicki had failed to file any new administrative charges with either the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC") for the alleged acts of discrimination that post-dated resolution of his prior lawsuit.

In response to the defendants' motion to dismiss, Wojcicki filed a "Motion for Default Judgment in the Favor of Plaintiff," which was considered by the court to be a response to the

defendants' motion to dismiss. As noted by the magistrate judge, the pleading is difficult to read and at times disjointed. Nevertheless, Wojcicki made several assertions to the effect that he had exhausted his administrative remedies and that the defendants and defense counsel were well aware that he had done so.[2] The magistrate judge recommended dismissal of the action for failure to exhaust administrative remedies, noting that Wojcicki had "offer[ed] no exhibits, evidence, or even any argument, to show that he exhausted his administrative remedies with respect to any discrimination claims post-dating his prior litigation." J.A. 122 (footnote omitted).

---

[2] See J.A. 111 ("The statements in [the defendants' Motion and Memorandum] are not true, have false information or are irrelevant to this case[; e].g. the office of [defense counsel] was representing defendants in my charges submitted to [the] SC Human Affairs Commission, so they cannot claim that administrative way was not used in this case."); J.A. 112 (Defense counsel "has cooperated/represented [defendants] many years in many disputes including charges in SC Human Affairs Commission and EEOC. . . . There w[as] also no relie[f] offered in the administrative way."); id. ("The defendants in 2006 did not answer on my First Request for Production [filed] 07/20/2006; where the item #5 asked for . . . [d]efendants' responses to SC Human Affairs Commission and EEOC. They know about the new charges. . . ."); J.A. 113 (Defense "[f]irm dares to pretend they do not know that plaintiff exhausted administrative remedies. Firm was a significant . . . partner [to defendant] in SCHAC/EEOC. Both institutions instructed plaintiff to seek a relief in the court."); J.A. 115 ("Firm knows about fulfillment of the administrative way being [defendants'] representative in the case for the long time.").

4

In his objections to the magistrate judge's report and recommendation, Wojcicki again pointed out that the "[d]efendants well knew . . . this case was in SC Human Affairs Commission as well as in EEOC," that "[t]he same [attorney] actively represented defendants in the administrative process," and that "[t]hey knew very well when it ended." J.A. 126; see also J.A. 128 ("They might not claim that there were not administrative remedies exhausted especially because they play the active role there. This process last very long and THEY KNEW its ending. They are bringing the non-existing fact as a support for their motion."). This time, however, Wojcicki produced for the first time documents from the EEOC and SCHAC demonstrating that he had exhausted his administrative remedies. Specifically, he produced a "Dismissal and Notice of Rights" from the EEOC, dated December 8, 2005, J.A. 133, and a "Dismissal and Notice of Right to Sue" from the S.C. Human Affairs Commission, dated November 4, 2005, J.A. 134. Both documents post-dated the dismissal of his prior lawsuit.

In response to Wojcicki's objections to the recommendation that his suit be dismissed for failure to exhaust, the defendants asserted that plaintiff's amended complaint was time barred for failure to bring suit within ninety days of his receipt of the right-to-sue letters. Defendants also asserted that the amended complaint contained claims that were dismissed

5

by the court's prior order and that it set forth unfounded assertions upon which relief could not be granted. Defendants did not, however, dispute the authenticity of the EEOC and SCHAC right-to-sue letters or, for that matter, disagree that Wojcicki had exhausted his administrative remedies by filing before the appropriate agencies. On the contrary, defense counsel asserted that:

> Plaintiff filed a Charge of Discrimination with SCHAC on or about February 22, 2005. SCHAC sent a Notice of Charge of Discrimination to the EEOC on or about February 23, 2005. During the time period the Notices of Right to Sue were issued, Defendants' counsel withdrew from a law practice and opened a new practice on December 1, 2005. The notices of right to sue were inadvertently not referenced. This was in no way an attempt to mislead the Court. However, . . ., Plaintiff's claims are time barred. Defendants' counsel apologies [sic] to Plaintiff and the Court for any inconvenience.

J.A. 139 (emphasis added).

The district court thereafter granted the defendants' motion to dismiss on the ground that plaintiff had failed to exhaust his administrative remedies. Although noting that the plaintiff had "submit[ted] as evidence, for the first time, a dismissal and notice of rights from the [EEOC] and a dismissal and notice of right to sue from the [SCHAC]," J.A. 149, the district court ruled that the evidence could not be considered because it had not been first presented to the magistrate judge.

6

The Federal Magistrate's Act provides that a district court, when reviewing a magistrate judge's report and recommendation, "<u>shall</u> make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "<u>may</u> also receive further evidence."  28 U.S.C.A. § 636(b)(1) (West 2006) (emphasis added); <u>see</u> <u>also</u> <u>Doe v. Chao</u>, 306 F.3d 170, 183 n.9 (4th Cir. 2002).  We review the district court's refusal to accept new evidence following a magistrate judge's report and recommendation for abuse of discretion.  <u>See</u> <u>Doe</u>, 306 F.3d at 183 (citing <u>United States v. Howell</u>, 231 F.3d 615, 622-23 (9th Cir. 2000) (reviewing for abuse of discretion a district court's refusal to permit the production of new evidence following a magistrate judge's recommendation regarding a dispositive motion)).  Wojcicki contends the district court abused its discretion by refusing to consider the right-to-sue letters which were submitted along with his objections to the magistrate judge's report and recommendation.[3]  We agree.

In dismissing Wojcicki's suit, the district court, relying primarily upon <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec.</u>

---

[3] Following his appeal to this court, we appointed counsel to represent Wojcicki and scheduled the case for oral argument.

Co., held that issues raised for the first time in objections to the magistrate judge's recommendation should be deemed waived. See 840 F.2d 985, 990-91 (1st Cir. 1988); but see United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (holding that "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."). However, we need not decide whether the district court could or should have considered an issue raised for the first time after the magistrate judge issued the recommendation. In this case, Wojcicki did respond to the issue of exhaustion before the magistrate judge and, in doing so, asserted that he had in fact exhausted his administrative remedies. He also informed the magistrate judge that the defendants and defense counsel were involved in and well aware of the administrative proceedings and the outcome of them.

While we are sympathetic to the difficulties district judges and magistrate judges sometimes face when dealing with pro se litigants, the circumstances in this case compel us to conclude that the district judge should have considered the belated evidence presented to support Wojcicki's assertions. As a pro se litigant, Wojcicki was entitled to have his pleadings read liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(per curiam) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (noting "the long-standing practice" that courts "construe pro se pleadings liberally").

In his response to the defendants' motion to dismiss, Wojcicki did raise, however inartfully, the issue of exhaustion and asserted that defense counsel was aware that he had exhausted his remedies. And this, it appears, was a reasonable belief on his part. Immediately after the magistrate judge issued the report and recommendation, defense counsel advised the court that the right-to-sue letters were, in fact, in his possession but "inadvertently not referenced," and represented that "[t]his was in no way an attempt to mislead the Court." J.A. 139. Thus, in our view, defense counsel implicitly (and arguably explicitly) withdrew failure-to-exhaust as a ground for the motion to dismiss. Certainly, defense counsel did not pursue the ground in his filings with the district court, choosing instead to assert timeliness and other grounds as a basis for accepting the magistrate judge's recommendation. We also note that this does not appear to be a case where Wojcicki held back the evidence in order to gain some strategic

9

advantage.  See Howell, 231 F.3d at 622 (noting that "requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging").  On the contrary, a fair reading of the pleadings in this case indicates that Wojcicki may simply have seen no need to produce the letters given his knowledge that they existed and that defense counsel was aware of them.  And, while there was no requirement that a hearing be held by the magistrate judge, we think it likely that such a hearing would have uncovered both the mistake on the part of defense counsel and the evidence itself.

### III.

For the foregoing reasons, we are constrained to conclude that the district court abused its discretion in refusing to accept the evidence of exhaustion presented by Wojcicki in his objections to the report and recommendation of the magistrate judge and in dismissing the lawsuit on the basis of a failure to exhaust administrative remedies without at least considering that evidence.  By this disposition, we only conclude that the district court should have accepted and considered the evidence. We indicate no view as to the ultimate viability of this defense or of any other factual or legal defenses properly raised by the defendants.

VACATED AND REMANDED