**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7660

ANTHONY BERNARD PAGE,

          Petitioner – Appellant,

    v.

GENE M. JOHNSON,

          Respondent – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:10-cv-00719-JCC-JFA)

Submitted:  March 3, 2011        Decided:  March 18, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Anthony Bernard Page, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Bernard Page seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition. In his petition, Page raised claims related to his 1989 conviction for eight counts of robbery as well as claims related to the subsequent revocation of a suspended sentence received for one of those robbery convictions. The district court dismissed petitioner's claim relating to the revocation of his suspended sentence because that claim did not present a federal constitutional claim.[*] In the same order, the district court indicated that petitioner's remaining claims appeared untimely. In accordance with Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the district court informed petitioner that his remaining claims would be dismissed as untimely unless, within thirty days, petitioner contested the application of the statute of limitations or established his entitlement to equitable tolling. In response, petitioner argued that he was entitled to equitable tolling because he had been provided with ineffective assistance of counsel during his 1989 sentencing and because he had not received a letter indicating his acceptance into a Youth Challenge parole program until 2010.

---

[*] Petitioner does not address the dismissal of the revocation challenge on appeal and we accordingly will not address issues related thereto. See 4th Cir. Loc. R. 34(b).

2

The district court considered petitioner's arguments and found them unpersuasive. The court opined that the alleged ineffective assistance claim did not justify tolling the statute of limitations for twenty years. Moreover, the court noted that an attachment to the habeas petition demonstrated petitioner's acceptance into the parole program and knowledge of that acceptance before sentencing. Concluding that petitioner had not established his entitlement to equitable tolling, the district court dismissed the claims as barred by the statute of limitations. The district court expressly denied to issue a certificate of appealability.

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on procedural grounds without reaching the merits of the underlying constitutional claims, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

We have independently reviewed the record and conclude that Page has not made the requisite showing. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.A. § 2244(d)(1). The one-year period begins on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, the one-year period began on May 21, 1989, when the time for seeking review of petitioner's sentence expired. See Virginia Supreme Court Rule 5:9(a). Petitioner did not file his habeas petition until June 20, 2010.

4

We agree with the district court's assessment of petitioner's arguments for equitable tolling and conclude that no reasonable jurist could find the correctness of the district court's procedural ruling debatable.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED