**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6445**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANTWAN HARRIS,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-cr-00247-BO-1; 5:13-cv-00703-BO)

———————

Submitted: August 22, 2014        Decided: August 29, 2014

———————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Antwan Harris, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Harris seeks to appeal the district court's orders dismissing as untimely his 28 U.S.C. § 2255 (2012) motion and denying his motion for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court has denied a § 2255 motion on procedural grounds, the movant must demonstrate both that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A district court is "permitted, but not obliged, to consider, sua sponte, the timeliness of a . . . prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Before doing so, however, "a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210; see Hill, 277 F.3d at 707. The court also must consider

the prejudice to the movant and the interests of justice prior to sua sponte dismissing a § 2255 motion as untimely. Day, 547 U.S. at 210.

The district court in this case failed to accord the parties a meaningful opportunity, prior to its sua sponte dismissal, to respond to its finding that Harris' § 2255 motion was untimely. Further, the court did not consider the prejudice to Harris or the interests of justice in making its decision. Thus, we conclude that Harris has demonstrated that reasonable jurists would find debatable the district court's procedural ruling.

We have, however, independently reviewed the record and conclude that Harris failed to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 484; see Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003); Reid v. True, 349 F.3d 788, 797 (4th Cir. 2003). We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3