Albertis Lloyd MUSE, Petitioner,

v.

UNITED STATES of America, Respondent.

CIVIL NO. 2:16cv253
ORIGINAL CRIMINAL NO. 2:13cr173-6

United States District Court,
E.D. Virginia,
**Norfolk Division.**

Signed June 08, 2016

---

Albertis Lloyd Muse, pro se.

Darryl J. Mitchell, Assistant United States Attorney, Norfolk, VA, for Respondent.

## SHOW CAUSE ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter comes before the court on the Petitioner's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Motion"), filed by the Clerk on May 27, 2016. ECF No. 285.[1] On March 13, 2014, the Petitioner pled guilty to Count One of the Indictment, which charged the Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). ECF No. 95. On July 1, 2014, after adjudging the Petitioner guilty, this court sentenced the Petitioner to one hundred (100) months imprisonment and four (4) years supervised release. ECF No. 155. The Petitioner did not appeal his conviction, nor file any collateral attack thereon.

1. The court accepts the Motion as effectively filed on the date the Petitioner certifies he placed it in the prison's internal mailing system, which is May 23, 2016. See Houston v.

The instant Motion, Petitioner's first under 28 U.S.C. § 2255, appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, § 105, 110 Stat. 1214 (1996), imposes a one-year statute of limitations on § 2255 motions. Section 2255, as amended by AEDPA, provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner's judgment became final on July 15, 2014. See Fed. R. App. P. 4(b) (mandating that a criminal defendant file a notice of appeal within fourteen days after the entry of judgment). Therefore, the one-year period to file a § 2255 motion expired on July 15, 2015, making the instant Motion untimely under 28 U.S.C. § 2255(f)(1).

Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (articulating the "prison mailbox rule").

The Petitioner asserts that the instant Motion is nonetheless timely pursuant to 28 U.S.C. § 2255(f)(3), based on the new right recognized in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), made retroactively applicable on collateral review by Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, —— L.Ed.2d —— (2016). In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S.Ct. at 2563.

Here, the Petitioner was not sentenced under the ACCA. Rather, he was deemed a "career offender" under Section 4B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G."), which provides the following:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).[2] The Petitioner qualified as a career offender by virtue of (1) his age of majority, (2) his controlled substance offense in this case, and (3) his prior felony convictions for distribution of cocaine and heroin on January 8, 1999, and robbery and abduction on December 19, 1996. See PSR ¶ 43, ECF No. 135. Accordingly, the Petitioner's conviction and sentence do not implicate the ACCA and its residual clause in § 924(e)(2)(B)(ii). Even so, the Petitioner asserts that the holding in Johnson extends to the residual clause of U.S.S.G. § 4B1.2's definition of "crime of violence" for § 4B1.1, and that this residual clause, as opposed to the force clause of that provision, applied to his prior felony convictions for robbery and abduction. Mot. at 4.

It is true that the ACCA's provision defining "violent felony" has nearly the same residual clause as the residual clause in the provision defining "crime of violence" for the career offender provision of the Sentencing Guidelines. Compare 18 U.S.C. § 924(e)(2)(B)(ii), with U.S.S.G. § 4B1.2(a)(2). However, for the Motion to be timely under § 2255(f) (3), the Petitioner must demonstrate two things. First, since his prior felony drug conviction counted as one of the two required convictions to qualify as a career offender, the Petitioner must show that both his robbery conviction and his abduction conviction fall under the residual clause of U.S.S.G. § 4B1.2(a). If either conviction falls under that provision's force clause, by contrast, then Johnson is not even arguably relevant. Second, the Petitioner must show that Johnson actually does extend to the residual clause of § 4B1.2(a).

The Petitioner's Motion fails at the first step, due to the fact that his prior felony conviction for Virginia robbery is a "violent felony" under the ACCA's force clause. See United States v. Presley, 52 F.3d 64, 69 (4th Cir.1995) ("Thus, because robbery in Virginia has as an element the use or threatened use of force, Presley's robbery convictions were properly used as predicates under ACCA."). The ACCA's force clause has the same language as the force clause definition of "crime of violence" for the career offender provision of the Sentencing Guidelines. Compare 18 U.S.C. § 924(e)(2)(B)(i), with U.S.S.G. § 4B1.2(a)(1), Accordingly, Virginia robbery is also a "crime of violence" under the force clause of U.S.S.G. § 4B1.2(a). Thus, given this prior felony conviction for Virginia robbery and another prior felony con-

---

**2.** The term "crime of violence" in U.S.S.G. § 4B1.1(a) is defined by § 4B1.2(a).

viction for a drug offense, the Petitioner undoubtedly qualified as a career offender under U.S.S.G. § 4B1.1(a), without using the residual clause definition for "crime of violence" in § 481.2(a). This makes irrelevant the question of whether the Petitioner's prior felony conviction for abduction also falls under that residual clause, as well as the question of whether Johnson applies to the career offender provision of the Sentencing Guidelines. Therefore, the Motion does not state a claim under Johnson, making it untimely pursuant to § 2255(f)(3).

For the foregoing reasons, the Petitioner is **WARNED** that the Motion will be dismissed as untimely, unless he can otherwise demonstrate that it was filed within the proper time period under 28 U.S.C. § 2255, as set forth herein. See Hill v. Braxton, 277 F.3d 701, 708 (4th Cir.2002). The Petitioner is granted thirty (30) days from the date of entry of this Show Cause Order to make such a showing.

The Clerk is **DIRECTED** to send a copy of this Show Cause Order to the Petitioner and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**