**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6871**

LIBAN A. JAMA,

                Petitioner - Appellant,

      v.

HAROLD W. CLARKE, Director,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:17-cv-00380-TSE-IDD)

Submitted:  December 14, 2017                Decided:  December 27, 2017

Before AGEE, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Liban A. Jama, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Liban A. Jama seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2254 (2012) petition for failure to exhaust state court remedies.[1] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We conclude that the district court's procedural ruling is debatable because a state procedural rule likely would bar consideration of Jama's claim if presented to the state court. *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006). Nevertheless, we have independently reviewed the record and conclude that an alternative procedural ground for dismissal renders this appeal futile: Jama's petition is barred by the one-year statute of

---

[1] The district court's order is final and appealable because the defect identified by the district court must be cured by something more than an amendment to the allegations in the § 2254 petition. *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623-24 (4th Cir. 2015).

limitations. *See* 28 U.S.C. § 2244(d)(1) (2012). The district court provided Jama an opportunity to explain why his petition was not time-barred, *see Hill v. Braxton*, 277 F.3d 701, 705-08 (4th Cir. 2002), and Jama argued that, if his petition was untimely filed, then its untimeliness should be excused because he is actually innocent of his convictions, *see McQuiggin v. Perkins*, 569 U.S. 383, ___, 133 S. Ct. 1924, 1928 (2013). But, Jama's argument does not rely on "new evidence" demonstrating his innocence.[2] *Id.* (internal quotation marks omitted). Consequently, we conclude that the untimely filing of Jama's petition cannot be excused.

Accordingly, we deny Jama leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal. *See Reid v. Angelone*, 369 F.3d 363, 372 n.5 (4th Cir. 2004), *abrogated on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[2] Jama cited a recent decision by the Supreme Court of Virginia as "new evidence," but that decision does not constitute new evidence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

3