**Jerry Rogers McMILLAN,**
**Petitioner–Appellant,**

v.

**Mack JARVIS, North Carolina Department of Corrections; Michael F. Easley, Respondents–Appellees.**

No. 02–6266.

United States Court of Appeals,
Fourth Circuit.

Argued: Feb. 26, 2003.

Decided: June 12, 2003.

**ARGUED:** Christopher Thomas Nidel, Third–Year Law Student, University of Virginia School of Law Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Sandra Wallace–Smith, Assistant Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Neal Lawrence Walters, University of Virginia School of Law Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Roy Cooper, Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellees.

Before NIEMEYER and TRAXLER, Circuit Judges, and BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by published opinion. Judge TRAXLER wrote the opinion, in which Judge NIEMEYER and Senior Judge BEAM joined.

## OPINION

TRAXLER, Circuit Judge:

Jerry Rogers McMillan appeals the district court's *sua sponte* dismissal of his petition for habeas relief under 28 U.S.C.A. § 2254 (West 1994 & Supp.2002). The district court determined, based on the face of the petition, that McMillan failed to file his claim within the one-year limitation period, *see* 28 U.S.C.A. § 2244(d) (West Supp.2002), and dismissed McMillan's petition. McMillan, who was represented by counsel in district court, argues that he was entitled to an opportunity to address the timeliness of his petition under *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), which requires a federal habeas court to notify a *pro se* petitioner that his petition is subject to dismissal under § 2244(d) when the state has not yet filed a responsive pleading or otherwise invoked the limitations bar, *see id.* at 707. We hold that *Hill*'s notification requirement applies to habeas petitioners represented by counsel as well as those proceeding *pro se*, but we affirm the district court in this case because McMillan was ultimately afforded sufficient opportunity to be heard on the timeliness of his petition.

I.

In April 1995, McMillan was convicted in North Carolina state court of felonious restraint, second-degree sexual assault, and second-degree rape. He received sentences of three years, thirty years, and thirty years, respectively, with the sentences running consecutively. On direct appeal, the North Carolina Court of Appeals affirmed his convictions and sentences. On December 5, 1996, the North Carolina Supreme Court denied his petition for a writ of certiorari, ending the

direct review process in state court. McMillan did not seek review in the United States Supreme Court.

On July 1, 1998, McMillan filed a motion for appropriate relief ("MAR") in North Carolina state court, which was denied on September 15, 1998. McMillan then filed a certiorari petition seeking review of the denial of his MAR in the North Carolina Court of Appeals, which denied his petition on April 23, 1999. McMillan then filed what was styled as a "Petition for Writ of Certiorari and/or Petition for Error Coram Nobis and/or Petition for Writ of Supersedeas," which the North Carolina Court of Appeals also denied. Finally, McMillan petitioned the North Carolina Supreme Court for a writ of certiorari on the denial of his MAR. The North Carolina Supreme Court denied the petition on November 4, 1999.

On July 10, 2000, McMillan filed, through his attorney, this federal habeas action pursuant to § 2254. Before the state filed a responsive pleading or otherwise raised the § 2244(d) limitations period, the district court determined that McMillan's § 2254 petition failed to satisfy the terms of § 2244(d)(1), which requires a petitioner to file a § 2254 petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." The district court concluded that direct review of McMillan's conviction concluded on March 5, 1997, when the time expired for filing a petition for a writ of certiorari in the United States Supreme Court. *See Harris v. Hutchinson,* 209 F.3d 325, 328 n. 1 (4th Cir.2000). According to the district court's calculation, the one-year period during which McMillan was required to file his § 2254 petition thus expired on March 6, 1998. Because McMillan did not file his MAR relief until July 1, 1998, nearly four months after the expiration of the one-year limitation period, the district court concluded that McMillan's efforts to obtain collateral relief in state court did not operate to toll the limitation period under § 2244(d)(2). Having determined from the petition that McMillan failed to comply with § 2244(d), the district court dismissed McMillan's § 2254 claims.

McMillan then filed a "Motion for Reconsideration," arguing that the application of the one-year limitation period set forth in § 2244(d) was unconstitutional and, alternatively, that the doctrine of equitable tolling should apply to allow him to file his § 2254 petition. Although Rule 59(e) of the Federal Rules of Civil Procedure, the appropriate vehicle for seeking "reconsideration" of a district court's decision, generally affords relief only in narrow circumstances, *see Hill,* 277 F.3d at 708; *Collison v. International Chemical Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994), the district court gave full consideration to each of McMillan's contentions on the merits before ultimately rejecting them.

On appeal, McMillan's sole argument is that under *Hill v. Braxton* the district court failed to provide adequate notice of its intention to dismiss the petition as untimely and to allow him an adequate opportunity to explain why the limitations bar did not or should not apply to McMillan's petition. McMillan does not challenge the district court's disposition of his constitutional challenge to § 2244(d) or his equitable tolling argument.

II.

We turn first to the question of whether the holding in *Hill v. Braxton* extends to habeas petitioners who are represented by counsel. In *Hill,* we held that a *pro se* habeas petitioner must be given an opportunity to respond before a district court,

acting *sua sponte,* dismisses a § 2254 petition as untimely:

> [W]hen a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).

277 F.3d at 707. We reasoned first that "it is improbable ... that it would ever be clear from the face of the petition that the petitioner is not entitled to relief" since "the statute of limitations is an affirmative defense, [and] a habeas petitioner is not likely to plead detailed facts to refute this defense in the initial § 2254 petition." *Id.* at 706 (internal quotation marks omitted). A *pro se* petitioner is "less able to anticipate affirmative defenses" than counsel and, therefore, is unlikely to plead facts refuting the statute of limitations even if facts exist that would support a strong argument against barring the § 2254 petition as untimely. *Id.* at 707. *Hill* observed that this problem is compounded when a *pro se* petitioner is required to use a standard form to file a § 2254 petition, as the petitioner in *Hill* was required to do, and the form does not "direct him to address the timeliness issue or ask him to include facts that might be outside of the record but relevant to timeliness under § 2244(d)." *Id.* Second, we observed that any facts supporting the application of equitable tolling or one of the statutory exceptions to the limitations bar listed in § 2244(d)(1) were unlikely to be part of the record before the district court. Therefore, we concluded that when a district

court, acting *sua sponte,* dismisses as untimely a § 2254 petition "without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely." *Id.* at 707. The petitioner may well bring to light "facts not apparent to the court that militate against the application of the limitations bar." *Id.*

■ *Hill* left open the question of whether a habeas petitioner is entitled to a similar opportunity to respond even if he is represented by counsel. In *Hill,* we did not foreclose the possibility that good reason might exist to distinguish, for notice purposes, between *pro se* and counseled cases, explaining that an opportunity to reply is "particularly appropriate" for a *pro se* petitioner, who is less apt to anticipate affirmative defenses than habeas counsel, especially where a *pro se* petitioner must use a government form that does not prompt the petitioner to plead facts establishing the timeliness of the § 2254 petition. *Id.* Nevertheless, McMillan contends that the reasoning of *Hill* applies with equal force to habeas petitioners represented by counsel. And, we agree with McMillan, at least on this issue, that the justification for affording more protection to *pro se* petitioners does not withstand close scrutiny.

At bottom, the basis for requiring that a petitioner be permitted to reply under these circumstances is that a district court, acting *sua sponte* based solely on the petition, "cannot be certain that there are no circumstances that would cause the petition to be timely." *Id.* In our view, this is true whether the petitioner is proceeding *pro se* or not.

First, a district court that on its own raises the timeliness issue and dismisses the § 2254 action on the basis of the petition alone is not sure to have a complete

picture of the relevant facts unless the petitioner anticipates the statute of limitations affirmative defense. It is true that habeas counsel is more likely to anticipate a timeliness problem and where he is able "might try to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." *Id.* Nonetheless, we cannot conclude that a § 2254 petition filed by habeas counsel rather than a *pro se* petitioner will *necessarily* contain facts relating to compliance with § 2244(d) such that the court can be more certain than it would in a *pro se* action "that there are no circumstances that would cause the petition to be timely." *Id.* In fact, it may be just as likely that habeas counsel, as a matter of strategy rather than ignorance, would not plead facts relating to the timeliness issue in the initial § 2254 petition if, in counsel's view, the response to a potential limitations problem was not a slam dunk. When counsel is not entirely certain that petitioner can avoid the bar imposed for failure to comply with the one-year limitation period set forth in § 2244(d), he may reasonably conclude that the best course would be to leave open the possibility that the limitations period as an affirmative defense will be waived. *See id.* at 705; *see also Scott v. Collins,* 286 F.3d 923, 927 (6th Cir.2002).

■ Because "the state bears the burden of asserting" the statute of limitations defense under § 2244(d), a habeas petitioner is under no obligation to allege facts in anticipation of an affirmative defense that has not yet been raised by respondent. *Hill,* 277 F.3d at 705; *see Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (finding "no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint" facts that would refute a potential affirmative defense). And, we perceive no basis for departing from this well-established principle merely because petitioner is represented by counsel. A requirement that habeas counsel allege facts in a § 2254 petition that would refute a potential defense under § 2244(d), or risk having the petition dismissed, would relieve the state of its burden of establishing a defense under § 2244(d) and eliminate habeas counsel's legitimate strategic option of not pleading facts in anticipation of a statute of limitations defense and forcing the respondent to bear its own burden of identifying and raising potentially applicable affirmative defenses. We do not perceive a good reason for requiring a habeas petitioner to plead affirmatively with respect to the statute of limitations, possibly pleading his § 2254 claims straight out of court, merely because he is represented by counsel.

■ Of course, we recognize that the limitations period set forth in § 2244(d) is not a traditional affirmative defense which should be raised, in the context of our adversarial system, by the parties alone, without prompting from the court. There are broader interests at stake in the proper handling of federal habeas actions than only those belonging to the parties. The limitations period established by § 2244(d), in particular, is aimed at " 'curbing the abuse of the statutory writ of habeas corpus.' " *Crawley v. Catoe,* 257 F.3d 395, 400 (4th Cir.2001) (quoting H.R.Rep. No. 104–518 (1996), *reprinted in* 1996 U.S.C.C.A.N. 944), *cert. denied,* 534 U.S. 1080, 122 S.Ct. 811, 151 L.Ed.2d 696 (2002). Because the public interest "eclipse[s] the immediate concerns of the parties ... federal habeas courts [enjoy] the discretionary authority to raise affirmative defenses that have not been preserved by the state." *Hill,* 277 F.3d at 705; *see Yeatts v. Angelone,* 166 F.3d 255, 261 (4th Cir.1999). However, we do not view our decision to treat *pro se* and coun-

seled habeas petitioners alike—requiring neither one to plead affirmatively with respect to avoiding the limitations bar—as inimical to the public interest. Indeed, a district court may still raise the limitations period when the state has failed to do so or before it has an opportunity to do so—*Hill* requires only that the court invite the petitioner to articulate a reason that the action should not be dismissed as untimely. Such a requirement preserves the broader public concerns involved as well as the specific interests of the parties through the adversarial process.

█ Finally, we observed in *Hill* that, in the absence of anticipatory pleading by a habeas petitioner, the record will not likely reflect the type of facts that permit petitioner to avoid the limitations bar of § 2244(d). *See Hill,* 277 F.3d at 706–07. This holds true even if habeas counsel is involved. Facts supporting the application of equitable tolling, for example, would be outside of the record before a federal habeas court.* As *Hill* explained,

> Because the statute of limitations is an affirmative defense, a habeas petitioner is not likely to plead detailed facts to refute this defense in the initial § 2254 petition. Although a district court will usually be able to determine when a § 2254 petition is potentially untimely, § 2244(d)(1) lists various (albeit narrow) circumstances under which a petition may be timely even though, at first glance, the petition appears to be barred by the limitations period. For example, the commencement of the limitations period is delayed if a state, in violation of the Constitution or a federal statute,

impedes a would-be habeas applicant from filing his action under § 2254. *See* 28 U.S.C.A. § 2244(d)(1)(B). Any facts relating to such a claim are unlikely to be part of the record. The same can be said of facts that would justify the application of equitable tolling. Thus, when a federal habeas court, acting *sua sponte,* dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*Id.* at 706–07. Such reasoning clearly does not hinge on whether the petitioner is represented by counsel.

In sum, we cannot find a reasonable basis for distinguishing between *pro se* petitioners and petitioners represented by counsel for purposes of notice and an opportunity to respond under *Hill.* In either case, facts supporting a statutory exception to the one-year limitation period, *see* § 2244(d)(1), or equitable tolling, are not likely to be facts included in the habeas record before the district court. And, in neither case will we require the petitioner to anticipate a potential statute of limitations defense. Regardless of whether a habeas petitioner is represented by counsel or is proceeding *pro se,* that a § 2254 petition does not allege facts that anticipate and refute a potential statute of limitations affirmative defense does not mean no such facts exist. In a counseled case

---

* Equitable tolling applies generally to two situations. First, equitable tolling has been applied where "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). Second, the doctrine applies when

"extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* Obviously, facts giving rise to an equitable tolling claim would not ordinarily be included in the record forwarded to the federal habeas court.

the omission of such facts may be the result of a deliberate strategic choice while, in a *pro se* case, the petitioner may simply have failed to identify the statute of limitations as a defense that the state could ultimately assert. Therefore, even when petitioner has legal representation, a district court that dismisses *sua sponte* a § 2254 action based solely on the petition "cannot be certain that there are no circumstances that would cause the petition to be timely." *Hill*, 277 F.3d at 707. Accordingly, we conclude that *Hill*'s requirement that a petitioner be offered "an opportunity to explain why an apparently untimely § 2254 application is subject to some exception," *id.*, extends to both *pro se* habeas petitioners and those represented by counsel.

### III.

Unfortunately for McMillan, the fact that *Hill*'s notice requirement is theoretically available does not assist him. The point of *Hill* is to ensure that a district court does not prematurely dismiss a § 2254 petition as untimely before the petitioner has an adequate opportunity to present facts "not apparent to the court that militate against the application of the limitations bar." *Id.* Thus, Hill requires only that the petitioner be given an opportunity to articulate a factual and legal basis, if any, showing that the petition was filed within the limitation period.

Although the district court dismissed McMillan's petition without inviting a response from McMillan, the district court in fact allowed him an opportunity to make his case, unfettered by the procedural constraints of Rule 59(e). Thus, McMillan was permitted, and took advantage of, an opportunity to explain why the limitations bar of § 2244(d) should not apply. McMillan raised a constitutional argument against the application of the statute of limitations as well as the equitable tolling doctrine. The district court rejected these arguments, and McMillan has not pursued them on appeal. Moreover, McMillan does not point to any specific fact or argument that he was not able to present to the district court and concedes he is not aware of any additional bases for avoiding the limitations bar. Thus, we conclude that McMillan had his say on the timeliness of his § 2254 petition and is not entitled to a remand. To the extent the district court committed any error, it was harmless.

### IV.

For the forgoing reasons, we affirm the decision of the district court.

*AFFIRMED*