**Keith O. WADE, Petitioner–Appellant,**

v.

**Patti WEBB, Warden, Respondent–Appellee.**

No. 02–5967.

United States Court of Appeals,
Sixth Circuit.

Dec. 2, 2003.

Keith O. Wade, pro se, Lexington, KY, for Petitioner–Appellant.

Perry T. Ryan, Asst. Attorney Gen., Office of the Attorney General, Frankfort, KY, for Respondent–Appellee.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

*ORDER*

Keith O. Wade, a Kentucky prisoner proceeding *pro se*, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

On August 6, 1991, following a jury trial, Wade was found guilty of trafficking in a controlled substance and two counts of illegal possession of a controlled substance. Wade was sentenced to serve a total of seven years of imprisonment for his crimes. The Kentucky Court of Appeals affirmed Wade's convictions on June 20, 1997, and the Kentucky Supreme Court denied Wade's motion for additional time to file a motion for discretionary review on September 26, 1997.

After unsuccessfully pursuing post-conviction relief in the state courts, Wade filed the instant § 2254 petition for a writ of habeas corpus. In his petition, which was signed on October 7, 2001, and filed on December 3, 2001, Wade raised two grounds for relief. The district court *sua sponte* dismissed Wade's habeas corpus petition as barred by the applicable statute of limitations. The district court subsequently denied Wade's Fed.R.Civ.P. 59(e) motion to alter or amend the order of dismissal and granted a certificate of appealability on the following issue: "[w]hether [Wade] was entitled to notice and opportunity to be heard prior to the *sua sponte* dismissal of his petition as untimely, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts." Wade filed a notice of appeal and has now briefed the certified issue. The state has notified this court that it does not intend to file a brief.

We review *de novo* the district court's disposition of a habeas corpus petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), *cert. denied*, 537 U.S. 1091, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002); *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir. 2001). Because Wade's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), our review of this case is governed by the AEDPA's provisions. *See Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir.2003).

Upon review, we conclude that the district court's *sua sponte* dismissal of Wade's habeas corpus petition on statute of limitations grounds was improper because Wade was not afforded notice and an opportunity to be heard on the issue prior to the dismissal of his petition. A district court has the authority to *sua sponte* raise the statute of limitations defense and dismiss a habeas corpus petition on that ground. *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir.2002). However, *Scott* suggests in a parenthetical notation that the petitioner must be afforded notice and an opportunity to be heard prior to the *sua sponte* dismissal of a habeas corpus petition on statute of limitations grounds. *Id.* The courts of appeals that have considered the issue presented by this case agree with *Scott*'s suggestion that *sua sponte* dismissal of a habeas corpus petition on statute of limitations grounds is improper unless the petitioner is afforded prior notice and an opportunity to be heard on the issue. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir.2002); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir.2001); *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir.2000).

Nevertheless, we further conclude that under the particular circumstances present in this case, any error by the district court in *sua sponte* dismissing Wade's habeas corpus petition without affording him prior notice and an opportunity to respond was harmless in light of the district court's subsequent comprehensive consideration of his Fed.R.Civ.P. 59(e) motion. *See McMillan v. Jarvis*, 332 F.3d 244, 250 (4th Cir.2003). The record indicates that Wade had an adequate opportunity to respond to the district court's *sua sponte* dismissal of his habeas corpus petition on statute of limitations grounds through his Fed. R.Civ.P. 59(e) motion because the district

court considered the merits of his arguments "unfettered by the procedural constraints of Rule 59(e)" before determining that the petition remained untimely. *See id.*

In sum, the better practice is for district courts to provide habeas corpus petitioners with notice and an opportunity to be heard prior to the *sua sponte* dismissal of a habeas corpus petition on statute of limitations grounds. *See Scott,* 286 F.3d at 930; *Hill,* 277 F.3d at 707; *Herbst,* 260 F.3d at 1043; *Acosta,* 221 F.3d at 125. However, under the particular and somewhat unique circumstances of this case where the district court has considered, "unfettered by the procedural constraints of Rule 59(e)," the merits of the arguments raised by Wade in his Fed.R.Civ.P. 59(e) motion, any error by the district court was harmless. *See McMillan,* 332 F.3d at 250. Indeed, like the petitioner in *McMillan,* Wade "does not point to any specific fact or argument that he was not able to present to the district court" in his motion for reconsideration and, through such motion, he essentially "had his say on the timeliness of his § 2254 petition." *See id.*

Accordingly, the district court's order dismissing Wade's habeas corpus petition as time-barred is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.