UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6677

WALI FARAD MUHAMMAD BILAL,

Petitioner - Appellant,

versus

STATE OF NORTH CAROLINA,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Graham C. Mullen, Senior District Judge. (1:06-cv-00082)

Argued: May 13, 2008                    Decided: July 18, 2008

Before MICHAEL and DUNCAN, Circuit Judges, and Jackson L. KISER, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Ryan Stafford Johnson, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia; Neal Lawrence Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Mary Carla Hollis, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Amy L. Woolard, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic,

Charlottesville, Virginia, for Appellant.  Roy Cooper, Attorney General of North Carolina, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a series of failed attempts at obtaining relief in North Carolina state court, convicted felon Wali Farad Muhammad Bilal ("Bilal") filed a pro se petition in federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He did so by completing the standard form habeas petition ("form petition") adopted by the Judicial Conference for the United States and provided to him by the district court. One question on the form petition instructs would-be petitioners to provide reasons why the statute of limitations does not bar their petition if their judgment of conviction became final more than one year prior to the instant filing. Bilal answered simply, "N/A." Without further notice to Bilal, the district court dismissed the petition sua sponte for untimeliness.

On appeal, Bilal argues that he was not given sufficient notice and an opportunity to be heard prior to the dismissal as required by our precedent in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). On the specific facts before us, we agree. We therefore vacate and remand for the district court to allow Bilal to clarify or correct his response.[1]

_____

[1]We express no opinion on the merits of Bilal's argument that equitable tolling or a statutory exception excuses his month-long delay in filing his petition.

I.

Following a jury trial in North Carolina Superior Court, Bilal was convicted on October 12, 2001 of two counts of robbery with a dangerous weapon, two counts of second-degree kidnapping, one count of simple assault, and one count of assault inflicting serious bodily injury. He was later sentenced to 394 months' imprisonment, and is currently serving out that sentence in a North Carolina prison.

Since his conviction, Bilal has filed a number of appeals and petitions within the North Carolina state court system, all of which have failed.[2] Finally, on February 23, 2006, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 with the District Court for the Western District of North Carolina, challenging, inter alia, the sufficiency of the evidence to support his convictions and alleging that both his trial and appellate

---

[2]Because the timeliness of Bilal's petition is at issue, we briefly recount the wending path of Bilal's post-conviction challenges. First, Bilal appealed his convictions and sentence to the North Carolina Court of Appeals, which affirmed both on December 3, 2002. He then filed a petition for writ of certiorari with the North Carolina Supreme Court, which was denied on August 21, 2003. Bilal next began state post-conviction proceedings by filing a pro se Motion for Appropriate Relief ("MAR") on September 30, 2004, which was denied on January 31, 2005. On March 14, 2005, Bilal filed a petition for a writ of certiorari with the North Carolina Court of Appeals, which was denied on March 28, 2005. On April 26, 2005, he filed a second petition for a writ of certiorari seeking discretionary review by the North Carolina Supreme Court. This petition was denied on December 1, 2005.

counsel provided him with ineffective assistance.  He initiated

this collateral attack by filling out the form petition.[3]

The form petition consists of questions designed to elicit the

salient facts underlying a petitioner's challenge to his

confinement.  Some of the questions are relatively straightforward,

calling for a simple "yes" or "no" answer or soliciting easily

ascertained facts such as dates and names.  Others are more open-

ended.  The question giving rise to this appeal, question 18, is of

the latter variety.  Question 18 reads:

> TIMELINESS OF PETITION: If your judgment of conviction
> became final over one year ago, you must explain why the
> one-year statute of limitations as contained in 28 U.S.C.
> § 2244(d) does not bar your petition.

J.A. 26.  The questions ends with a footnote setting forth the text

of 28 U.S.C. § 2244(d)(1)-(2).[4]  Bilal wrote only "N/A" on the

---

[3]The form petition currently in effect was adopted by the Judicial Conference in 2003.  See Report of the Proceedings of the Judicial Conference of the United States 36 (Sept. 23, 2003), available at http://www.uscourts.gov/judconf/sept03proc.pdf; see also 5B West's Federal Forms, District Courts, Criminal § 8959 (2007) (adopting the current version of the form petition).

[4]Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the

first of twenty-two lines provided to answer the question. His petition was otherwise complete.

Upon receipt of the petition, the district court concluded on the face of the filing that Bilal's § 2254 claims were barred by the one-year limitations period imposed by § 2244(d),[5] dismissing the petition sua sponte without first discussing with Bilal the limitations period or any applicable tolling provisions. In a

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

[5]The court determined that the limitations period began to run when Bilal's "conviction became final on November 19, 2003. [It] then ran for 316 days until he filed his MAR on September 30, 2004." J.A. 62. Next, the period was tolled while Bilal's post-conviction proceedings were pending, but began again on December 1, 2005 when his petition for writ of certiorari was denied by the North Carolina Supreme Court. The period finally expired 49 days later, on January 19, 2006. Bilal's habeas petition was not filed until February 23, 2006.

footnote at the end of the order, the district court acknowledged that, under this court's holding in Hill v. Braxton, it was required to warn Bilal, prior to sua sponte dismissal of the petition, "'that the case is subject to dismissal . . . absent a sufficient explanation'" for its seeming untimeliness. J.A. 62 n.2 (quoting Hill, 277 F.3d at 706). The district court determined, however, that Bilal's case was distinguishable from Hill because Bilal "had an opportunity in his form petition to address the timeliness of his petition and declined to do so." Id. Thus, the court determined that "it need not provide [him] with any additional opportunities to address such matters." Id.

Bilal filed a pro se notice of appeal, arguing that the district court "dismissed [his] federal habeas corpus [petition] without affording [him] notice or an opportunity to be heard . . . [and that] had he been permitted to [respond], he could have demonstrated that either a statutory exception or equitable tolling principles protected his § 2254 petition from dismissal." J.A. 65. This court subsequently granted a certificate of appealability and appointed Bilal counsel to assist in the appeal.

II.

We review de novo the legal question of whether Bilal was afforded adequate notice and an opportunity to be heard prior to

7

the sua sponte dismissal of his § 2254 habeas petition.  See <u>United States v. Hopkins</u>, 268 F.3d 222, 224 (4th Cir. 2001).

A.

We begin our analysis with a discussion of this court's decisions in <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), and <u>McMillan v. Jarvis</u>, 332 F.3d 244 (4th Cir. 2003), upon which both parties extensively rely.

<u>Hill</u> presented the question of whether a federal habeas court had the power to dismiss sua sponte a pro se petition on the ground that it was not filed within the one-year limitations period established by 28 U.S.C. § 2244(d).  This court began with the general principle that "the one-year limitation period contained in § 2244(d) is an affirmative defense that the state bears the burden of asserting."  <u>Hill</u>, 277 F.3d at 705.  Nonetheless, this court held that because § 2254 habeas actions, more so than ordinary civil actions, "implicate considerations of comity, federalism, and judicial efficiency," a district court has the authority to raise certain affirmative defenses sua sponte in this context.  <u>Id.</u>  Such "discretion to raise an affirmative defense to a § 2254 petition <u>sua</u> <u>sponte</u> and then dismiss the petition based on that affirmative defense is not completely unfettered," this court cautioned, and should not be "automatic."  <u>Id.</u> at 706 (internal quotations omitted); <u>cf.</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 655 (4th Cir. 2006) ("[W]e have recognized that a statute of limitations

8

defense may properly be raised sua sponte by a district court in certain narrow circumstances." (emphasis added)).  Instead, in each instance, a court should balance the federal interests listed above against "the petitioner's substantial interest in justice."  Id. (internal quotations omitted).

When balancing those interests in Hill, this court reasoned:

> Because the statute of limitations is an affirmative defense, a habeas petitioner is not likely to plead detailed facts to refute this defense in the initial § 2254 petition. . . .  Any facts relating to [statutory or equitable tolling] are [therefore] unlikely to be part of the record . . . .  Thus, when a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely.

Id. at 706-07.  This court noted that this problem was compounded because a pro se petitioner like Hill was unlikely to anticipate the affirmative defense of untimeliness, especially because the form petition in use at the time did not direct petitioners to address the issue.  See id. at 707 ("[N]otice and an opportunity to respond are particularly appropriate when the prisoner is pro se . . . and the long-standing practice is to construe pro se pleadings liberally.").  This court therefore held that,

> when a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot

9

be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).

Id. (emphasis added); see also Day v. McDonough, 547 U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

The following year, this court issued its decision in McMillan v. Jarvis, 332 F.3d 244 (4th Cir. 2003), which recognized that the right to notice and an opportunity to be heard extends to counseled habeas petitioners. In McMillan, this court found no reasonable basis for distinguishing between pro se and counseled petitioners, because "[i]n either case, facts supporting a statutory exception to the one-year limitation period . . . or equitable tolling, are not likely to be facts included in the habeas record before the district court. And, in neither case will we require the petitioner to anticipate a potential statute of limitations defense." Id. at 249 (emphasis added).

This court explained that counsel in a habeas case is entitled to the "legitimate strategic option of not pleading facts in anticipation of a statute of limitations defense and [instead] forcing the respondent to bear its own burden of identifying and raising potentially applicable affirmative defenses." Id. at 248. Because counsel could rightfully choose to omit such facts, the primary concern in Hill remained: a district court that dismisses a petition as untimely "based solely on the petition" and "'without

10

notice to or input from the petitioner . . . cannot be certain that there are no circumstances that would cause the petition to be timely.'"  Id. at 249-50 (quoting Hill, 277 F.3d at 707).

After Hill and McMillan, and similar decisions by courts in other circuits, see, e.g., Acosta v. Artuz, 221 F.3d 117 (2d Cir. 2000), the United States Judicial Conference adopted the form petition at issue in this case, which took effect on December 1, 2004.  Among other changes, the amended form petition added question 18 which, as noted above, instructs petitioners to explain why the § 2244(d) limitations period does not bar their petition if their judgment of conviction became final over one year prior to the petition's filing, setting forth the text of § 2244(d) in a footnote.  It is the interplay between Hill and McMillan on the one hand and the revised form petition on the other, in the context of the facts before us, that forms the crux of this appeal.

B.

As a habeas petitioner filing in the Western District of North Carolina, Bilal was required to "substantially follow" the revised form petition.[6]  He claims that question 18 did not provide him with the notice and opportunity to respond required by Hill.  He

---

[6]According to the Rules Governing § 2254 cases, a habeas "petition must substantially follow either [the form petition] or a form prescribed by a local district-court rule."  Rules Governing Habeas Cases, Rule 2(d), 28 U.S.C. foll. § 2254.  The Western District of North Carolina requires that pro se petitioners comply with the form petition.  See Western District of North Carolina Pro Se Litigant Guide 15 (2006).

11

contends that a contrary finding would oblige petitioners to plead facts in anticipation of the affirmative defense of untimeliness, an outcome specifically prohibited by this court in both Hill and McMillan.[7]

The government counters, however, that "[t]he notice contained in the new form § 2254 petition addresses the concerns" of this court in Hill and McMillan--a petitioner no longer need "anticipate" the statute of limitations defense because the form puts a petitioner on notice that he must address the timeliness of his petition if it is in question. Appellee's Br. at 5. The government argues that question 18 adequately informs a petitioner that his petition is subject to dismissal for untimeliness and that its inclusion of the text of 28 U.S.C. § 2244(d)--the statute that sets forth the one year limitations period applicable to § 2254 habeas petitions--makes the statutory bar immediately apparent.

We agree with the government that Hill's notice requirement is not particularly onerous. See Hill, 277 F.3d at 708 ("A particularly detailed notice is not necessary nor is a hearing necessarily required."). And, in the ordinary scheme of things,

_____

[7]Bilal also notes that while the form petition directs petitioners to the statutory tolling provisions in § 2244(d) and even includes the text of the statute, it makes no explicit reference to the availability of equitable tolling, which may revive an untimely petition "where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation against the party." Hill, 277 F.3d at 704 (internal quotations omitted).

the revised form petition probably serves the twin goals of achieving increased efficiency for courts and providing notice of the need to address the statute of limitations issue to petitioners. On these facts, however, the district court prematurely pretermitted an inquiry into the facts the form was designed to elicit on the basis of a response that can only fairly be described as ambiguous. Used in this way, the form seems in some tension with <u>Hill</u> in that Bilal was not provided with any guidance on the timeliness of his <u>particular</u> petition beyond the mere recitation of the statutory text of § 2244(d). The court's failure to clarify Bilal's confused response is especially problematic given the notorious complexity of § 2244(d). <u>See</u> <u>id.</u> at 708 (citing <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) ("[B]efore entering summary judgment . . ., the District Court, as a bare minimum, should have provided [the pro se party] with fair notice of the requirements of the summary judgment rule. <u>We stress the need for a form of notice sufficiently understandable to one in appellant's circumstances fairly to apprise him of what is required.</u>" (internal quotations omitted) (emphasis added)). Applying the statute to Bilal's petition illustrates the point.

The one-year limitations period of § 2244(d) begins to run from the latest of (a) "the date on which the [petitioner's] judgment became final," § 2244(d)(1)(A); (b) "the date on which the impediment to filing an application created by State action in

13

violation of the Constitution or laws of the United States is removed, § 2244(d)(1)(B); (c) "the date on which the constitutional right asserted was initially recognized by the Supreme Court," § 2244(d)(1)(C); or (d) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D). The district court here assumed that § 2244(d)(1)(B), § 2244(d)(1)(C), and § 2244(d)(1)(D) were inapplicable to Bilal's petition; that is, that there was no "State action" that impeded Bilal's filing, that Bilal asserted only "constitutional rights" that had long been recognized by the Supreme Court, and that the "factual predicate" underlying Bilal's claims was immediately discoverable. Assuming arguendo that the district court rightfully discounted these alternatives,[8] the limitations period for Bilal's petition began to run on "the date on which [his] judgment became final." § 2244(d)(1)(A).

Even this prescription presents a moving target, however, because a judgment is not "final" until the later of the date on which direct review of the petitioner's case concluded or "the expiration of the time for seeking such review." Id. The last stage of direct review is the filing of a petition for writ of certiorari with the United States Supreme Court. See Harris v.

---

[8]Bilal refutes the district court's conclusion with respect to § 2244(d)(1)(B), claiming that the district court failed to provide him with the form petition in a timely manner.

14

Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Because Bilal did not file a petition for writ of certiorari with the Court, his judgment of conviction became final when "the time for seeking such review" expired. See § 2244(d)(1)(A). According to Supreme Court rules, the review period expires ninety days from the denial of a petition for writ of certiorari with the highest court in the state of conviction. See Sup. Ct. R. 13(1). Thus, Bilal's limitation period began to run on November 19, 2003, ninety days after the North Carolina Supreme Court denied his first certiorari petition on August 21, 2003.

Instead of the limitations period expiring one year later on November 19, 2004, however, the tolling provision of § 2244(d)(2),[9] which pauses the limitation period while review of a properly filed petition is pending, stretched the period until January 19, 2006. This date--the apparent expiration date of Bilal's "one year" limitation period--is more than four years after Bilal's date of conviction, but only 35 days prior to his filing the petition at issue here.

It is in the context of this complexity that Bilal's ambiguous response must be viewed. Question 18 begins by stating a condition: "If your judgment of conviction became final over one

---

[9] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

year ago." J.A. 26 (emphasis added). It then requires those who satisfy the condition to state why § 2244(d) does not bar their petition. Bilal responded "N/A," J.A. 26, or "not applicable," presumably because he thought that he did not satisfy the condition. Put differently, Bilal may have thought that his "judgment of conviction" did <u>not</u> "bec[o]me final over one year ago," excusing any further explanation of statutory exceptions or equitable tolling principles that would cause his petition not to be barred by § 2244(d).

The government interprets Bilal's response differently, contending that Bilal simply refused to answer question 18. It would seem, though, that if Bilal were declining to answer the question he would simply have left it blank. We think it far more likely that Bilal's cryptic answer spawned from his misapprehension of the term "final," as his counsel suggests, or from a misunderstanding of question 18 entirely. Regardless of the reason behind it, Bilal's answer was arguably responsive, if confused, not an outright refusal to answer as the government asserts.

Rather than asking Bilal to expand or clarify his answer, or inquiring about any statutory exceptions or applicable equitable tolling principles, the district court promptly dismissed his petition. It concluded that Bilal "had an opportunity in his form petition to address the timeliness of his petition and <u>declined</u> to do so." J.A. 62 (emphasis added).

16

Though we do not fault the district court for relying on the form petition in general, we find its response on these facts to be out of step with our treatment of pro se petitioners in this and other contexts. See Hill, 277 F.3d at 707 ("[N]otice and an opportunity to respond are particularly appropriate when the prisoner is pro se . . . and the long-standing practice is to construe pro se pleadings liberally."); cf. id. at 708 ("We also disagree that Rule 59(e) affords a pro se petitioner . . . an adequate opportunity to respond."); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985) ("[W]e hold that a pro se litigant must receive fair notification of the consequences of [his] failure to object . . . before such a procedural default will result in waiver of the right of appeal. The notice must be sufficiently understandable to one in appellant's circumstances fairly to apprise him of what is required." (internal quotations omitted) (emphasis added)); Carter v. Hutto, 781 F.2d 1028, 1033 (4th Cir. 1986) ("[W]here . . . the pretrial order did not adequately inform [the pro se litigant] of the degree of specificity necessary . . ., and whereas [he] had obviously sought to comply, it was incumbent on the magistrate to inform [him] of the deficiency of his response and afford him the opportunity to cure it."). Indeed, the very instructions accompanying the form petition here inform petitioners that if they fail to fill out the form petition properly the district court will notify them of the error and afford them an

17

opportunity to "submit additional or correct information," not immediately dismiss the petition without further correspondence. 5B West's Federal Forms, District Courts, Criminal § 8959 (2007) ("If you do not fill out the form properly, you will be asked to submit additional or correct information.").

We thus find the district court's sua sponte dismissal of Bilal's petition to be premature. In doing so, we are not unsympathetic to the burdens that habeas petitions lade upon our district courts and consequently limit our holding to the narrow circumstances of this case. Here, the district court was faced with Bilal's apparent confusion regarding the timeliness of his petition and an absence of evidence that he intentionally evaded the issue. Furthermore, the state had not yet had the opportunity to assert the expiration of the limitations period, an affirmative defense that it ordinarily bears the burden of raising. In this context, we read Hill and McMillan as requiring the district court to afford Bilal, a pro se petitioner, an opportunity to put forth a statutory exception or equitable tolling principle that might explain the relatively brief period by which his petition was late. See Day, 547 U.S. at 210 (requiring that parties be afforded "fair notice and an opportunity to present their positions" prior to sua sponte dismissal (emphasis added)). Otherwise the district court's order would once again raise the concerns present in Hill and McMillan: a district court dismissing a habeas petition without

18

first "be[ing] certain that there [we]re no circumstances that would cause the petition to be timely."  Hill, 277 F.3d at 707.

## III.

For the foregoing reasons the judgment of the district court is

VACATED AND REMANDED.

19