Jahmal R. GRAY, Petitioner,

v.

UNITED STATES of America,
Respondent.

CIVIL NO. 4:16cv86
[ORIGINAL CRIMINAL NO. 4:08cr25]

United States District Court,
E.D. Virginia,
Newport News Division.

Signed July 25, 2016

Timothy R. Murphy, United States Attorney's Office, Newport News, VA, for Respondent.

## SHOW CAUSE ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter comes before the court on the Petitioner's Motion to Vacate Conviction Under 28 U.S.C. § 2255 ("Motion"), filed through counsel on June 26, 2016. ECF No. 74.

On July 3, 2008, the Petitioner pled guilty to Counts One and Two of the Indictment. Count One charged the Petitioner with Armed Carjacking, in violation of 18 U.S.C. § 2119, and Count Two charged him with Possession of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). On November 12, 2008, the court sentenced the Petitioner to a total of one hundred forty-four (144) months imprisonment. ECF No. 51. The Petitioner did not appeal 1 his conviction, nor file any collateral attack thereon.

The instant Motion, Petitioner's first under 28 U.S.C. § 2255, appears to be untimely. The Antiterrorism and Effective Death Penalty Ace of 1996 (AEDPA), Pub. L. No. 104–132, § 105, 110 Stat. 1214 (1996), imposes a one-year statute of limitations on § 2255 motions. Section 2255, as amended by AEDPA, provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner's judgment became final on November 26, 2008. See Fed. R. App. P. 4(b) (mandating that a criminal defendant file a notice of appeal within fourteen days after the entry of judgment). Therefore, the one-year period to file a § 2255 motion expired on November 26, 2009, making the instant Motion untimely under 28 U.S.C. § 2255(f)(1).

The Petitioner asserts that the instant Motion is nonetheless timely pursuant to 28 U.S.C. § 2255(f)(3), based on Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), which made the new right recognized in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), applicable on collateral review. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S.Ct. at 2563.

Here, the Petitioner was not sentenced under the ACCA. Instead, he challenges his conviction on Count Two, for Possession of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1), which in turn uses the definition for a "crime of violence" in § 924(c)(3).[1] The Petitioner's conviction and sentence do not implicate the ACCA and its residual clause in § 924(e)(2)(B)(ii), and the court declines to extend Johnson to hold that the definition of "crime of violence" in § 924(c)(3) is unconstitutionally vague.[2]

In addition, the Petitioner's argument fails because the predicate crime of armed carjacking, in violation of 18 U.S.C. § 2119, is categorically a crime of violence under the force clause, not the residual clause, of § 924(c)(3). To determine which clause applies to a predicate crime, "the court may (depending on the features of the applicable statute) employ the 'categorical approach' or the 'modified categorical approach.'" United States v. Fuertes, 805 F.3d 485, 498 (4th Cir.2015). The court must apply the categorical approach when the statute for the predicate crime in question "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, —— U.S. ——, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). However, when the statute has "a more complicated (sometimes called 'divisible') structure," listing elements in the alternative and thus defining multiple crimes, the court may apply the modified categorical approach. Id. This approach "looks to a limited class of documents ... to determine what crime, with what elements, a defendant was convicted of." Id. at 2249. The modified categorical approach is not always required, but rather serves as a tool that "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps v. United States, —— U.S. ——, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013).

The categorical approach applies to the statute in question here. In United States v. McNeal, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit applied the categorical approach to find that armed bank robbery and its lesser-included offense of bank robbery, both in violation of 18 U.S.C. § 2113, are crimes of violence un-

---

1. Section 924(c)(3) provides:

   For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
   Id. Subsection (A) is the force clause, and (B) is the residual clause.

2. District courts in this circuit have declined to extend the ruling in Johnson to the residual clause in Section 924(c)(3). See, e.g., United States v. Green, No. CR RDB–15–0526, 2016 WL 277982, at *3 (D.Md. Jan. 21, 2016); United States v. Walker, No. 3:15cr49, 2016 WL 153088, at *8–9 (E.D.Va. Jan. 12, 2016); United States v. Hunter, No. 2:12cr124, 2015 WL 6443084, at *2 (E.D.Va. Oct. 22, 2015).

   Moreover, the Supreme Court has not ruled that the residual clause in § 924(c)(3) is unconstitutionally vague. Even with such a ruling, the question would remain over its retroactive applicability on collateral review, which only the Supreme Court can determine. See 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Should the Supreme Court invalidate the residual clause in § 924(c)(3) and recognize that new right as retroactively applicable on collateral review, a petitioner would have one year from the date of the invalidation to seek collateral relief on a § 924(c)( 1) conviction. See 28 U.S.C. § 2255(f)(3).

der the force clause of § 924(c)(3), not under that statute's residual clause. McNeal, 818 F.3d at 157. The statute evaluated in McNeal is substantially similar to the armed carjacking statute to be evaluated in this case. Compare 18 U.S.C. § 2113, with 18 U.S.C. § 2119. Specifically, both include as an element a taking "by force and violence, or by intimidation." 18 U.S.C. §§ 2113, 2119. In McNeal, the Fourth Circuit held that both means of committing the crime satisfy the force clause of § 924(c)(3), because " [a] taking 'by force and violence' entails the use of physical force," and "[l]ikewise, a taking 'by intimidation' involves the threat to use such force." McNeal, 818 F.3d at 153. Because armed carjacking, in violation of 18 U.S.C. § 2119, requires the same element, the analysis in McNeal applies equally well here. Therefore, whether a defendant convicted under § 2119 took a motor vehicle by force and violence, or by intimidation, the crime necessarily involved the "use, attempted to use, or threatened use of physical force" encompassed by the force clause of § 924(c)(3), making the residual clause of § 924(c)(3) irrelevant. Accordingly, under the categorical approach, Johnson cannot even arguably apply to the crime of armed carjacking, in violation of 18 U.S.C. § 2119.[3]

For the foregoing reasons, the Petitioner does not state a claim under Johnson, and his Motion is not timely pursuant to § 2255(f)(3). Accordingly, the Petitioner is **WARNED** that the Motion will be dismissed as untimely, unless he can otherwise demonstrate that it was filed within the proper time period under 28 U.S.C. § 2255, as set forth herein. See McMillan v. Jarvis, 332 F.3d 244, 247 (4th Cir.2003);

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir.2002). The Petitioner is granted thirty (30) days from the date of entry of this Show Cause Order to make such a showing.

The Clerk is DIRECTED to send a copy of this Show cause Order to counsel for the Petitioner and the United States Attorney at Newport News.

IT IS SO ORDERED.

---

3. There is no conceivable distinction between the statute in McNeal and the armed carjacking statute that would change this conclusion. Moreover, the applicability of the § 924(c)(3) force clause to the armed carjacking statute is further established by its requirement, absent in the statute evaluated in McNeal, that the defendant have "the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. Proof of this element, by necessity, requires some evidence that the defendant used, attempted to use, or threatened to use physical force.